STEVEN TOSCHER, ESQ. (CA Bar No. 91115)
JONATHAN KALINSKI, ESQ. (CA Bar No. 245449)
HOCHMAN SALKIN TOSCHER PEREZ, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212-3414
Telephone: (310) 281-3200
Facsimile: (310) 859-1430
E-mail: Toscher@taxlitigator.com
Kalinski@taxlitigator.com

*Attorneys for Royce Gracie and Marianne Cuttic*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROYCE GRACIE and MARIANNE CUTTIC,<br><br>Defendants. | Civil No. CV 17-3308 AFM<br><br>NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS ROYCE GRACIE AND MARIANNE CUTTIC; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: January 29, 2019<br>Time: 10:00 a.m.<br>Ctrm: 780 |

TO THE PLAINTIFF:

Please take note that on January 29, 2019 at 10:00 a.m., or as soon thereafter as the parties or their counsel can be heard, in the Courtroom of the Honorable Alexander F. MacKinnon, United States Magistrate Judge, in Courtroom 780, Roybal Federal Building, 255 E. Temple St., Los Angeles, CA 90012, Royce Gracie ("Gracie") and Marianne Cuttic ("Cuttic") will and do hereby move for partial summary judgement in their favor, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, decreeing that plaintiff is not entitled to a penalty under 31 U.S.C. § 5321, including interest and statutory additions claimed under 28 U.S.C. 3011 in excess of $100,000. As grounds for this motion, Gracie and Cuttic submit that there

are no genuine issues as to any material fact and that Gracie and Cuttic are entitled to partial summary judgment in their favor as a matter of law. This motion is made subsequent to the conference of counsel, pursuant to Local Rule 7-3, which took place telephonically on August 2, 2018. The parties have subsequently held telephonic discussions regarding the issue of this motion.

This motion is based upon this Notice of Motion, the pleadings, and papers on file herein, and such other oral and documentary evidence as may be presented at the hearing on this matter. The grounds for this motion are set forth more fully in the accompanying Memorandum of Points and Authorities.

DATED: December 11, 2018

                           ___/s/Jonathan Kalinski_____
                           STEVEN TOSCHER
                           JONATHAN KALINSKI
                           *Attorneys for Royce Gracie and Marianne Cuttic*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. Introduction and Statement of Facts

On May 2, 2017, Plaintiff, the United States of America, filed this action to collect unpaid federal penalty assessments and interest, and to reduce those assessments to judgment. Plaintiff alleges that Defendants Royce Gracie and Marianne Cuttic, both U.S. persons, willfully failed to file Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR") for 2008 as required under 31 U.S.C. § 5314. (Complaint, ¶30). The IRS assessed penalties in the amount of $210,081.75 each for Gracie and Cuttic under 31 U.S.C. § 5321(a)(5)(C). (Complaint, ¶32). In doing so, the IRS exceeded its authority under applicable regulations, which limit the willful FBAR penalty to $100,000.

The IRS assessed willful penalties against Gracie and Cuttic for the failure to file an FBAR for an account at HSBC (Suisse) in the amount of $160,081.75, each, and willful penalties for failure to file an FBAR for an account at Caixa Penedes in the amount of $50,000 each. Attached as **Exhibit A** is a Form 13448, Penalty Assessment Certification (Title 31 "FBAR"). These facts are not in dispute. Gracie and Cuttic did not file an FBAR for 2008. This is one violation and if willful, is limited to $100,000. The assessments violate the IRS's authority under the valid regulations to the extent it exceeds $100,000 for Gracie and $100,000 for Cuttic.

Gracie and Cuttic seek partial summary judgment limiting the total penalty for each defendant to the amount of $100,000 as provided for in the regulations This motion does not address the issue of willfulness.

## II. Issue

Whether the assessed FBAR penalties at issue in this case exceed the IRS's authority to the extent it exceeds a total of $100,000 for each defendant.

/ / /

### III. Legal Analysis

### FBAR Background

In 1970, in an effort to respond to the use of foreign accounts, Congress passed the Bank Secrecy Act, Pub. L. No. 91-508, 84 Stat. 1114. It authorized the Treasury Secretary to promulgate regulations to implement the Bank Secrecy Act. As a result, the FBAR was born, and penalties for failing to file an FBAR are imposed under 31 U.S.C. § 5321(a)(5).

Prior to October 2004, 31 U.S.C. § 5321(a)(5) allowed the Treasury Secretary to impose civil penalties for failing to file an FBAR in the amount of $25,000 or the balance of the unreported account up to $100,000. This version of the statute only penalized willful violations. The corresponding Treasury regulation, which was issued via notice and comment, was in accordance with the statute and stated that, "for any willful violation committed after October 26, 1986…the Secretary *may assess* upon any person, a civil penalty…not to exceed the greater of the amount (not to exceed $100,000) equal to the balance in the account at the time of the violation, or $25,000." (Emphasis added). 31 C.F.R. § 103.57.

Treasury delegated authority to assess FBAR penalties under §5321(a)(5) to the Financial Crimes Enforcement Network ("FinCen"). Treasury Order 180-01, 67 Fed. Reg. 64697 (2002). The Treasury Order specifically stated that regulations were unaffected by the delegation unless superseded or revised. FinCen subsequently redelegated authority to enforce FBAR penalties under § 5321(a)(5), and § 103.57 to the IRS. 68 Fed. Reg. 26489 (2003).

### 2004 Statutory Amendment

In 2004, Congress amended § 5321 to increase the maximum penalty for a willful FBAR violation. 31 U.S.C. § 5321(a)(5); American Jobs Creation Act of 2004, Pub. L. No. 108-357, § 821, 118 Stat. 1418 (2004). Where the prior statute penalized only willful violations, § 5321(a)(5) now penalizes non-willful violations as well as willful violations. The maximum penalty that can be imposed for a non-

1  willful violation is $10,000, 31 U.S.C. § 5321(a)(5)(B), and the maximum penalty
2  that can be imposed for a willful violation is the greater of $100,000 or 50% of the
3  amount in the account on the date of the violation.  31 U.S.C. §5321(a)(5)(C)(D).

4  Congress changed the statute, but Treasury affirmatively kept the regulations
5  in place, capping a willful FBAR violation at $100,000.  FinCen subsequently
6  renumbered the regulations, and § 103.57 became § 1010.820.

7  Showing that the regulation was never superseded, Treasury continued to
8  modify § 1010.820.  In 2016, Treasury added subsection (i), stating, "For penalties
9  that are assessed after August 1, 2016, see § 1010.821 for rules relating to the
10 maximum amount of the penalty."  Accordingly, § 1010.821 adjusted the FBAR
11 penalty to account for inflation.  It placed the maximum willful penalty at $124,588.

12 The IRS assessment of a willful FBAR penalty against Gracie and Cuttic in
13 excess of $100,000 is in direct violation of the Treasury regulation and unlawful.
14 The 2004 statute gave the Secretary discretion to impose penalties for FBAR
15 violations.  The Secretary exercised that discretion and capped the penalty at
16 $100,000.  Under Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S.
17 837 (1984), where the agency's exercise of discretion is permissible under the
18 statute, a court cannot substitute its own interpretation.  The Treasury Regulation in
19 this case is permissible, and the penalty is capped at $100,000.

20 Under 5 U.S.C. § 706(2), courts must hold unlawful and set aside agency
21 actions which are arbitrary, capricious, an abuse of discretion, or otherwise not in
22 accordance with law.  Nat. Res. Def. Council v. U.S. Dept. of the Interior, 113 F.3d
23 1121, 1124 (9th Cir. 1997).  In assessing willful FBAR penalties exceeding the
24 amount authorized by valid regulations, the IRS acted arbitrarily, capriciously, and
25 not in accordance with the law.

26 For a statute to supersede a regulation, it has to be clearly inconsistent with
27 the regulation.  United States v. Larionoff, 431 U.S. 864, 873 (1977).  The regulation
28 under § 1010.820 is valid and consistent with the statute and is not superseded by

the 2004 amendment. In fact, it was subsequently reissued and even modified for inflation in accordance with a $100,000 limit. Once issued, a federal agency is obliged to abide by its regulations. Sameena, Inc. v. United States Air Force, 147 F.3d 1148, 1153 (9th Cir. 1998). The Plaintiff is bound by this regulation. Id. The IRS assessment in this case is in excess of the delegated regulatory authority and must be limited to $100,000.

**Case Law**

The regulation's FBAR penalty cap has been recently addressed in three cases with two holding that the regulation is valid and caps the penalty at $100,000, and one holding that the statute "supersedes" the regulation and caps the penalty at the greater of $100,000 or 50 percent. As explained below, the cases in favor of the cap are correct.

In Colliot v. United States, 2018 U.S. Dist. LEXIS 83159, 2018-1 U.S. Tax Cas. (CCH) P50,259; 2018 WL 2271381; 121 A.F.T.R.2d 2018-1834 (W.D. Tex. 2018), the District Court held that § 5321 provided a ceiling for FBAR penalties, but not a floor, and therefore, the regulation is consistent with the statute. The Court reasoned that the statute gave the Treasury Secretary discretion to determine the FBAR penalty so long as it did not exceed the statutory ceiling. Id. at 2. The regulation, validly issued via notice and comment rulemaking, exercises that discretion and caps the penalty at $100,000. Treasury could have, consistent with the statute, issued a regulation authorizing FBAR penalties up to 50 percent of the account balance, but used its discretion to limit penalties to $100,000. Rules issued via notice and comment rulemaking must be repealed via notice and comment rulemaking. Perez v. Mortgage Bankers Ass'n, 135 S. Ct. 1199, 1206, 191 L. Ed. 2d 186 (2015). Treasury has not repealed § 1010.820, and in fact repromulgated it, and modified it, consistent with a $100,000 cap. The IRS acted arbitrarily and capriciously by failing to apply the regulation.

/ / /

In <u>United States v. Wahdan</u>, 325 F.Supp.3d 1136 (D. Colo. 2018) the Court agreed with the <u>Colliot</u> decision and held that the FBAR penalty was capped at $100,000. It held that the statute was not inconsistent with the regulation and that the statute set a higher penalty cap than the regulation, but that the penalty under the regulation was a subset of the penalties that could be imposed under the statute. <u>Id.</u> at 1139. The Court gave four reasons in support of its holding that the FBAR penalty was capped at $100,000. First, the statute does not mandate the maximum penalty, but gives the Secretary discretion. Compliance with the lower regulation penalty cap, complies with the statute. Second, that the Secretary exercised the statutory discretion and limited the penalties the IRS could impose to $100,000. Third, that although the penalty amounts differ in the statute and the regulation, one cannot assume the Secretary overlooked the difference. The difference has existed for 14 years and has been regularly adjusted, with amendments being made five times in the past 8 years. <u>Id.</u> at 1140. Each time the regulation was amended, the Secretary specifically chose not to make substantive changes to the FBAR penalty. The fourth and final reason the Court gave was that the government's use of legislative history was misplaced both because the statute was not ambiguous, as is generally the case when legislative history is used, and because nothing in the legislative history suggested Congress intended the maximum penalty to be mandatory. <u>Id</u>.

The Court in <u>Norman v. United States</u>, 138 Fed. Cl. 189, 195 (2018), held the amended statute superseded the regulation and that the maximum penalty was mandatory. The Court's interpretation of the statute is incorrect. There is no mandatory maximum penalty. Section 5321(a)(5)(A) states the Secretary "*may* impose" a civil penalty. (Emphasis added). Under § 5321(a)(5)(B)(i), the non-willful penalty shall not exceed $10,000. Under §5321(a)(5)(C)(i), for a willful violation the maximum penalty of $10,000 shall be increased to a maximum of the greater of $100,000 or 50 percent. The "shall be increased" language is not used to impose a mandatory penalty, but to modify the maximum amount of the penalty that

the Secretary can impose in the case of a willful violation. If a person willfully violates the FBAR statute, the maximum penalty that the Secretary, in his discretion, can impose is increased. The statutory language does not take discretion away from the Secretary, but merely sets a cap. As a result, as the Court in Colliot and Wahdan held, the statute does not supersede the regulation; instead the regulation is an exercise of the Secretary's discretion to set the maximum penalty at $100,000.

## IV. Conclusion

The penalties in this case cannot exceed $100,000 for Gracie, and $100,000 for Cuttic. When Congress amended the FBAR penalty statute in 2004, it authorized the Treasury to increase the penalty for a willful violation by appropriate exercise of discretion through regulation, but it did not mandate the increased penalty. In response to the amendment, Treasury kept its regulation capping the penalty at $100,000. Subsequently, Treasury modified it several times, consistent with the cap. The regulation was not superseded and is consistent with the amended statute. The statute creates a ceiling, but not a floor. The IRS violated the regulation by assessing penalties in excess of $100,000.

For the reasons discussed above, Defendants Royce Gracie and Marianne Cuttic are entitled to partial summary judgment and the FBAR penalties cannot exceed $100,000 for each defendant

Respectfully Submitted,

Dated: December 11, 2018   /s/Jonathan Kalinski

STEVEN TOSCHER
JONATHAN KALINSKI
*Attorneys for Royce Gracie and Marianne Cuttic*

Exhibit A

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: ROYCE GRACIE

SSN/EIN:

Calendar Year: 12/31/2008

Proposed Penalty:

| | Foreign Account Number(s): | Foreign Bank: |
|---|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $50,000.00 | 2081 | CAIXA PENEDES (SPAIN) |
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $160,081.75 | 50 | HSBC (SWITZERLAND) |
| | $0.00 | | |
| | $0.00 | | |
| | $0.00 | | |
| | $0.00 | | |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

Friday, May 08, 2015

_____
ACTING CHIEF, BSA EXAMINATIONS

EXHIBIT 3

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: MARIANNE CUTTIC  SSN/EIN:  Calendar Year: 12/31/2008

| Proposed Penalty: | | Foreign Account Number(s): | Foreign Bank: |
|---|---|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $50,000.00 | 2081 | CAIXA (SPAIN) |
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $160,081.75 | 509 | HSBC (SWITZERLAND) |
| | $0.00 | | |
| | $0.00 | | |
| | $0.00 | | |
| | $0.00 | | |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

Friday, May 08, 2015

_____
ACTING CHIEF, BSA EXAMINATIONS