# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff(s),<br><br>  v.<br><br>Royce Gracie, et al.,<br><br>    Defendant(s). | CASE NO. CV 17-03308-AFM<br><br>**ORDER RE SETTLEMENT CONFERENCE WITH U.S. MAGISTRATE JUDGE KIM** |

## **PLEASE READ THIS ORDER CAREFULLY**

This case has been referred to Magistrate Judge Steve Kim for settlement proceedings. Judge Kim will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case. By agreeing to have Judge Kim conduct settlement proceedings and participating in those proceedings, the parties understand that if Judge Kim is the assigned Magistrate Judge for pre-trial proceedings in this matter, the parties are waiving any argument of a potential conflict in having Judge Kim serve as both a neutral for settlement purposes and the assigned Magistrate Judge for other pre-trial matters, including discovery, referred by the District Judge.

The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement

judge, of every aspect of the case bearing on its settlement value.  **IT IS THEREFORE ORDERED AS FOLLOWS:**

### 1. Date, Time and Duration

The Settlement Conference is placed on calendar for **Monday, March 4, 2019 at 10:00 AM in Courtroom 540, 5th Floor, 255 E. Temple Street, Los Angeles, California 90012**.  Absent leave of Court, the Settlement Conference shall last no longer than 4 hours.

### 2. Mandatory Participants and Attendees

Everyone whose decision is necessary for settlement must attend and participate in the Settlement Conference **in person**, even if a party, representative, or counsel is located outside the Central District of California.[1]  This includes:  lead trial counsel for each side (except for a pro se plaintiff) and their respective clients; an authorized and knowledgeable representative of any party that is a corporate or government entity; and the person for each side with full and final settlement authority.  The purpose of this requirement is to have all persons present who can settle the case during the Settlement Conference without consulting anyone else not physically present at the Settlement Conference.  If a proposed settlement involving a corporate or government entity must be presented for final or pro forma approval to a Board, committee, or other decision-making body, the person whose recommendation is normally followed must attend the Settlement Conference in person.

The plaintiff's representative must have full and final authority, in the representative's discretion, to authorize dismissal of the case with prejudice or to accept a settlement amount recommended by Judge Kim down to the defendant's last offer made prior to the Settlement Conference.  The defendant's representative must have full and final authority to commit the defendant to pay, in the representative's discretion, a

---

[1] The provisions of Local Rule 16-15.5(b) permitting telephonic appearances by parties residing outside the District (other than the United States or any of its agencies) are inapplicable to this Order.

settlement amount recommended by Judge Kim up to the plaintiff's prayer (excluding punitive damage prayers) or up to the plaintiff's last demand made prior to the Settlement Conference, whichever is lower.

Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within policy limits in this case must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, in the representative's sole discretion, an amount recommended by Judge Kim within the policy limits. An insurance representative authorized to pay, in the representative's sole discretion, up to the plaintiff's last demand made prior to the Settlement Conference will also satisfy this requirement. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirement of this Order.

### 3. Confidential Communications

Pursuant to Local Rule 16-15.8, all settlement proceedings shall be confidential and no statement made therein shall be admissible in any proceeding in the case, unless the parties otherwise agree in writing. No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, expect for the initial case call and notices of appearance, and any memorialization of a settlement that the parties seek to place on the record. All papers submitted for the Settlement Conference will either be returned to the parties or destroyed after all the settlement proceedings are concluded, unless the parties agree otherwise.

Judge Kim may, in his discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others. Judge Kim also may, in his discretion, converse with the lawyers ex parte by telephone in advance of the Settlement Conference. The comments of Judge Kim during any such separate sessions or ex parte conversations are not to be recorded or used by counsel in any way during the Settlement Conference, in any court proceedings, or in settlement negotiations with opposing counsel either before or after the Settlement Conference.

Judge Kim will not report the substance of any settlement discussions to the assigned District Judge, other than the fact of whether a settlement was reached or not, without the affirmative consent of the parties.

### 4. Pre-Settlement Conference Requirements

Prior to the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference. At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.

**The parties must attempt in good faith to resolve the case before the Settlement Conference.** By no later than two calendar weeks in advance of the Settlement Conference, counsel shall confer in writing and reasonably discuss the settlement of this matter. The parties must summarize all settlement efforts and detail the material terms of the exchanged proposals in their respective Confidential Settlement Conference Statements (discussed below) to the Court. If the parties successfully resolve the case before the conference or determine that the conference should be postponed, counsel must immediately inform the courtroom deputy clerk.

By no later than five calendar days prior to the conference, each party shall submit, ex parte, a Confidential Settlement Conference Statement directly to the Chambers of Magistrate Judge Kim via email to SK_Chambers@cacd.uscourts.gov. The Statements should not be filed with the Clerk of the Court, and they will not be made part of the case file. The Statements should be in the form of a letter and shall not exceed 10 pages in length, excluding material and necessary exhibits, absent prior permission of the Court. The Statements shall include:

    a. A brief statement of the facts of the case, including the party's claims and defenses. The statement should include citations to the applicable statutory or other grounds upon which claims or defenses are based. This statement

should identify the major factual and legal issues in dispute, and cite any controlling authorities.

b. An itemized statement of the monetary damages claimed and of any other relief sought, including the evidentiary bases for the monetary damages and/or other relief sought.

c. A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

d. A history of past settlement discussions, offers and demands, including specifically a detailed summary of the proposals that must be exchanged by the parties no later than two weeks before the conference, as ordered herein.

e. A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

f. The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for further discovery, pretrial proceedings, and trial.

g. The party's evaluation of the terms on which the case could be settled fairly and reasonably, considering the litigation and settlement positions of the other side.

h. The party's preference on the format of the conference, including whether to hold a joint session, whether to start immediately with private caucuses, and any other unique presentation approaches a party would like to use.

i. Any other relevant circumstance, information or variable that counsel believe will assist the Court in conducting a productive conference.

**5. Overview of Settlement Conference**

Considering the preferences and recommended approaches of the parties, the Court may begin with a joint session attended by all participants. At that joint session, parties and counsel should be prepared to summarize their respective positions and

interests, keeping in mind that the goal is not to prove one side's case, but to explain the parties' positions and interests to the settlement decision-makers while also educating the settlement judge.

After or in lieu of a joint session, Judge Kim shall hold private caucuses between the judge and each party and counsel.  In private caucus, the parties can and should discuss confidential information that they prefer not to disclose in direct negotiations but which may assist Judge Kim in working toward a resolution and the parties in assessing realistic options for settlement.  You should anticipate that the judge will play "devil's advocate" to help all parties gain the most balanced evaluation of the matter.

If the parties reach a resolution of the case during the conference, the Court will summarize the key terms of the agreement on the record or will direct the parties to draft an appropriate memorandum.  The Court encourages counsel to bring a proposed settlement agreement to the conference.  If settlement between any or all the parties is reached at the Settlement Conference, it is the responsibility of all counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement, pursuant to Local Rule 16-15.7.

If no resolution is reached, the Court will consult with the parties to determine whether an additional settlement conference is likely to be productive.

**6. Sanctions for Violating this Order**

Judge Kim expects strict compliance with this Order.  The failure of any party or attorney to comply strictly with the requirements of this Order may result in sanctions being imposed.  The sanctions may include, but are not limited to, the fees and costs expended by the other parties in preparing for and attending the Settlement Conference.

DATED:  February 13, 2019

HON. STEVE KIM
UNITED STATES MAGISTRATE JUDGE

6