STEVEN TOSCHER, ESQ. (CA Bar No. 91115)
JONATHAN KALINSKI, ESQ. (CA Bar No. 245449)
HOCHMAN SALKIN TOSCHER PEREZ, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212-3414
Telephone: (310) 281-3200
Facsimile: (310) 859-1430
E-mail: Toscher@taxlitigator.com
        Kalinski@taxlitigator.com

*Attorneys for Royce Gracie and Marianne Cuttic*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>ROYCE GRACIE and MARIANNE CUTTIC,<br><br>                Defendants. | Civil No. CV 17-3308 AFM<br><br>DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: March 5, 2019<br>Time: 10:00 a.m.<br>Ctrm: 780 |

### I.    Introduction

In opposition to Defendants' motion for partial summary judgment, the government relies on two main arguments, both of which suffer from a misinterpretation of the statute. The first argument, that the regulation was superseded by the amended statute in 2004 erroneously reads the amended statute as <u>mandatory</u>, requiring a penalty of the greater of $100,000 or 50% of the amount in the account at the time of the violation. It does not. It only provides the Treasury Secretary discretion, which he can exercise by issuing regulations to impose a lower penalty. The second argument, that if the regulation is valid, the

$100,000 amount applies to each account, also misreads the amended statute. The FBAR penalty is capped at $100,000 <u>per year</u> under the regulations. It does not matter if there was one account or four accounts at issue.

## II. Reply Argument

### A. The Amended Statute Did Not Supersede the Regulation and the Court of Federal Claims Decision in <u>Norman</u> Is Wrong

Previous cases on the FBAR cap at issue in Defendants' motion for partial summary judgment are split. The government relies on <u>Norman v. United States</u>, 138 Fed. Cl. 189 (2018), from the Court of Federal Claims. Its opposition only footnotes <u>United States v. Colliot</u>, 2018 WL 2271381 (W.D. Tex. 2018), and <u>United States v. Wahdan</u>, 325 F.Supp. 3d 1136 (D. Colo. 2018), two cases decided in the taxpayer's favor, stating that both cases are outside the Ninth Circuit and not binding on this Court. They fail to note that <u>Norman</u> is similarly non-binding. It comes down to which cases are more persuasive. A close examination of the statutory language and regulation shows that <u>Colliot</u> and <u>Wahdan</u>, are more correct.

Both <u>Norman</u> and the government's opposition focus on the word "shall" in § 5321(a)(5)(C) and conclude that the statute mandates a penalty of the greater of $100,000 or 50% of the amount in the account at the time of the violation. This focus is misplaced and ignores the context of the entire statute. As even <u>Norman</u> acknowledges, § 5321(a)(5) is a permissive statute, which states, "The Secretary of the Treasury **may** impose a civil money penalty" (emphasis added). Treasury is not required to impose penalties at all. See also <u>United States v. Shinday</u>, 2018 WL 6330424 at 3 (C.D. Cal. 2018).

The word "shall" as used in § 5321(a)(5)(B)(i), limits the non-willful penalty to a maximum of $10,000. The word "shall" in § 5321(a)(5)(C)(i) is used to modify the penalty ceiling in § 5321(a)(5)(B)(i). In the case of a willful violation, the maximum penalty in § 5321(a)(5)(B)(i) shall be increased from $10,000 to the

greater of $100,000 or 50% of the amount in the account at the time of the violation. It does not mandate Treasury to impose as a penalty for a willful violation the greater of $100,000 or 50%. If Congress intended to mandate the penalty amount, it would have worded the statute differently. It would not use the word "maximum" or reference subsection (B) in § 5321(a)(5)(C)(i). The statute would read that for any person willfully failing to file an FBAR, the penalty shall be the greater of $100,000 or 50% of the amount in the account at the time of the violation. By using the word "maximum" and referencing subsection (B), it sets a ceiling and gives Treasury discretion to impose a penalty within that ceiling.

Section 5321(a)(5) is permissive statute giving Treasury discretion as to penalties. The statute sets a ceiling, and Treasury through its regulation, exercised its discretion to cap the penalty within the ceiling. The government's reading of the statute effectively deprives Treasury of its discretion.

The government and the Federal Court of Claims in <u>Norman</u> reach the same flawed conclusion because of a flawed approach in its statutory interpretation. Both interpret § 5321(a)(5)(C)(i) in isolation, contrary to Supreme Court precedent. Statutes must be interpreted "as a coherent and symmetrical regulatory scheme" and "fit all parts into a harmonious whole." <u>Food and Drug Admin. v. Brown & Williamson Tobacco Corp.</u>, 529 U.S. 120, 133 (2000) (internal quotation marks deleted). Looking at the statute in its proper context, § 5321(a)(5) is a permissive statute and gives the Treasury discretion to impose penalties. If Treasury chooses to impose a non-willful penalty, it has the discretion to set the penalty at any amount up to a maximum of $10,000. If Treasury chooses to impose a willful penalty, it has the discretion to set the penalty at any amount up to a maximum of $100,000 or 50% of the amount in the account at the time of the violation. The regulation is compatible with the amended statute and sets a lower ceiling for willful violations of not more than $100,000, which is within the statutory maximum.

### i. The Current Regulation Is Valid and Restricts the Discretion of the Secretary

The regulation capping the FBAR penalty at $100,000 has been in existence since 1986 and contrary to the government's argument, was issued via notice and comment rulemaking. The proposed regulation was issued in 1986 seeking comment. See 51 Fed. Reg. 30233-01 (Aug. 25, 1986). After comment, in 1987, the final regulation was issued that contained the FBAR cap. See 52 Fed. Reg. 11436-01 (Apr. 8, 1987). The government's argument that because the 1986 proposed regulation did not contain the subparagraph relating to the willful FBAR penalty it was not issued pursuant to notice and comment is disingenuous. The change was the result of the notice and comment process.[1] In the final regulation, Treasury noted that it was making changes to the proposed § 103.47, by adding several new paragraphs including paragraph (g). Id. at 11445-11446. If Treasury needed to seek additional comments every time it modified a proposed regulation after comments, there would be an endless cycle of proposed regulations. The regulation has survived a statutory change, renumbering, and added subsections. Treasury has had many opportunities to revise the regulation or issue new ones. It has not, however, changed the cap on the penalty. Each time it addressed the regulation, the cap remained. This is not an accident.

The 2010 Regulation, 75 Fed. Reg. 65806 (Oct. 26, 2010), which focused on renumbering and reorganizing the Bank Secrecy Act regulations, was issued using the notice and comment process. It received substantive comments, but when it finalized the regulation, Treasury stated that substantive comments were outside the scope. That does not change the fact that if Treasury wanted to change the regulation to address a statute that had passed six years prior, it could have.

In 2016, Treasury added new subsections, 31 C.F.R. § 1010.820(i) and §

---

[1] In Colliot, the Court determined that the regulation was issued as part of notice and comment rulemaking. Colliot, 2018 WL 2271381.

1010.821(b), in response to the 2015 passage of the Federal Civil Penalties Inflation Adjustment Act ("FCPIA"). In the FCPIA Congress mandated the higher penalty to keep up with inflation. Accordingly, Treasury quickly added § 1010.820(i). Yet in 2004 when Congress amended § 5321(a)(5), it did not make any penalties mandatory but left them up to Treasury's discretion; Treasury did not act to amend the regulation. Instead, Treasury renumbered the Bank Secrecy Act regulations in 2010 and added a new subsection to 31 C.F.R. 1010.820 in 2016, without changing the provision governing the maximum penalty for willful violations. The failure to amend the regulation after statutory changes does not invalidate the regulation. United States Sec. & Exch. Comm'n v. Alpine Securities Corp., 308 F.Supp.3d 775, 796 (S.D. N.Y. 2018).[2]

The regulation was validly issued and under Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984), where the agency's exercise of discretion is permissible under the statute, a court cannot substitute its own interpretation. The Treasury Regulation in this case is permissible, and the penalty is capped at $100,000.

### B. The FBAR Penalty Is Capped at $100,000 Per Year, Not Per Account

The government relies on 31 U.S.C. § 5321(a)(5)(C)-(D) for its argument that the FBAR penalty is applied per account, not per year. A careful examination of the statute shows this argument is wrong. The penalties for willful violations are set forth in § 5321(a)(5)(C)(i)(I)-(II). Section 5321(a)(5)(C)(i)(I) is the $100,000 penalty, which Treasury has repeatedly adopted as a cap through the still valid regulation. Section 5321(a)(5)(C)(i)(II), references subparagraph (D) for purposes of computing the 50% penalty – which is 50% of "the balance in the account at the time of the violation" in case of "a failure to report the existence of

---

[2] In fact, in the Alpine case it was the government that argued the regulation at issue was still valid.

an account or any identifying information required to be provided with respect to an account."

Under the language of the statute, the "amount" provision of subparagraph (D) only comes into play if Treasury determines the penalty under §5321(a)(5)(C)(i)(II). Because the regulation caps the penalty at $100,000, the language in subparagraph (D) does not apply. The FBAR itself is required to be filed under 31 U.S.C. § 5314. If a person has multiple accounts, they still file one FBAR. In this case, Defendants did not file an FBAR for 2008. The failure to file is one FBAR violation, not multiple FBAR violations.[3]

### III.  Conclusion

For the reasons discussed above and in Defendants motion, Defendants Royce Gracie and Marianne Cuttic are entitled to partial summary judgment and the FBAR penalties cannot exceed $100,000 for each defendant.

Respectfully Submitted,

Dated: February 19, 2019        /s/Jonathan Kalinski

STEVEN TOSCHER
JONATHAN KALINSKI
*Attorneys for Royce Gracie and Marianne Cuttic*

---

[3] As a result, if the Court determines that the regulation is valid, the maximum penalty for each of the Defendants failure to file an FBAR cannot exceed $100,000.